

**SO ORDERED.**
**SIGNED this 25th day of October, 2019**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

Not for publication. This opinion has limited precedential value.

### UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Brett Edward Sexton** | ) | **No. 1:16-bk-14785-SDR** |
| | ) | **Chapter 13** |
| | ) | |
| **Debtor** | ) | |

### ORDER AND MEMORANDUM OPINION

On September 30, 2019, the debtor filed a notice of intent to sell property, specifically the property located at 3606 Weldon Drive, Chattanooga, Tennessee 37412, more particularly described in a deed recorded in the Hamilton County Register of Deeds Office, Deed Book 10444, Page 970 ("the property"). [Doc. No. 53]. The sale was to be for the consideration and under the terms and conditions stated in the notice. [*Id.*]. The contract for sale ("Sale Contract"), attached to

the notice, requires the delivery of a general warranty deed and a title policy with only standard exceptions, which do not include liens. [Doc. No. 53-2]. The notice fails to identify the existence of any liens on the property to be sold as required by E.D. Tenn. LBR 6004-1(b). Although the debtor's schedules list a lien and the confirmed plan provides for payment of a mortgage on the property,[1] the debtor failed to file a motion to sell the property free and clear of liens.[2]

The notice of sale was sent by passive notice, pursuant to E.D. Tenn. LBR 9013-1(h), to creditors and parties in interest with a deadline to object of October 21, 2019. [Doc. No. 53]. The notice contained no indication that the contract was still valid. The closing deadline listed in the attached Sale Contract – August 31, 2019 – had passed thirty days before the notice of sale was filed. [Doc. Nos. 53, 53-2, at 4].

The notice provided that the purchase price was $110,000 and that as additional consideration the "[d]ebtor's portion of proceeds shall be remitted to the [t]rustee to apply towards his plan, with any remainder after the payment of all claims to be remitted to the debtor." [Doc. No. 53, at 2]. The Court finds this language does not reflect any additional consideration to be paid to the debtor but is an ambiguous directive for disbursement of the "debtor's portion." The notice also provided that excess proceeds would come into the chapter 13 plan as an additional dividend to unsecured creditors, but failed to provide for the payment of the lien, the proration of taxes, payment for the real estate agent, or the payment of several thousand dollars of the buyer's closing costs as required by the Sale Contract.

---

[1] The debtor's schedules and plan both list CitiMortgage, LLC, as the lienholder on the property. [Doc. Nos. 1, 35]. The lien at issue was transferred from CitiMortgage, Inc., to Nationstar Mortgage, LLC, on September 11, 2017. [Doc. No. 50].

[2] Under the circumstances the debtor should have filed a motion to sell free and clear of liens, set the motion for hearing, and alleged that the sale price was enough to pay the lienholder in full. Fed. R. Bankr. P. 6004(c), E.D. Tenn. LBR 6004-1(b).

On October 22, 2019, Nationstar d/b/a Mr. Cooper ("Nationstar") filed an objection to the sale on the basis that the notice and order made no provision for the satisfaction of its lien, which is secured by the property, or a provision that its lien would attach to the sale proceeds. [Doc. No. 55]. Although the objection was one day late, the Court set the notice and objection for an expedited hearing to address the deficiencies the Court already had identified with the notice, which included the failure to identify the lien. [Doc. No. 58]. The Court notified the parties of the expedited hearing and allowed them to participate by phone.

Counsel for the debtor contacted the courtroom deputy and informed the deputy that he could not attend the hearing but that he had received permission from the counsel for the lienholder, Nationstar, to proceed with the sale if the proposed order provided that the sale price was not less than the amount of Nationstar's claim. The day before the hearing, the debtor's attorney submitted a new order that contained a typographical error that stated the exact opposite of what the lender had authorized. [Doc. No. 57]. Neither the trustee nor Nationstar signed the new order. The debtor's counsel also informed the courtroom deputy that his client needed the sale approved.

The Court proceeded with the hearing on October 24, 2019. Counsel for the chapter 13 trustee appeared in person and for the creditor appeared by phone. Debtor's attorney did not appear. The trustee raised an issue that there might be a second lien on the property, although after the hearing the Court determined that that second lien was on a different piece of property owned by the debtor. The Court passed the matter for two weeks to November 7, 2019.

After the hearing, the parties contacted the Court and confirmed that there was no second lien on the property at issue. The parties further conveyed that they wished the Court to enter the order authorizing the sale and the payment of the allowed claim of Nationstar at closing.

Accordingly, the Court finds that Nationstar has waived any deficiencies in the original notice and is consenting to the sale for $110,000, provided that the proceeds are enough to pay its claim in full.[3] The Court finds that the sale is in the best interest of the debtor and his creditors and that the consideration is reasonable.

It is therefore ORDERED that the debtor is authorized to sell the real property described in Book 10444, Page 970 in the deed recorded in the Register's Office of Hamilton County, Tennessee, with the address of 3606 Weldon Drive, Chattanooga, Tennessee, out of the ordinary course of business. The sale will be to buyer Marshall Mathis for $110,000, pursuant to the terms of the Sale Contract. The sale shall be free and clear of all liens with any liens to attach to the proceeds of the sale; provided, however, the outstanding balance of the allowed claim of Nationstar may be paid at closing. Nationstar shall deliver a release of its lien upon payment.

It is further ORDERED that any proceeds in excess of the payment to Nationstar shall be remitted to the chapter 13 trustee, who is hereby authorized to pay from the proceeds: (a) any additional liens against the property, including real property taxes; (b) any professional fees owed to real estate agents or closing agents for services related to the sale; and (c) closing costs authorized to be paid by the debtor, pursuant to the Sale Contract. In the chapter 13 trustee's sole discretion with the consent of the debtor and in order to facilitate the closing, the trustee is authorized to allow the closing agent to make these payments on allowed claims at closing and receive only the remaining balance.

It is further ORDERED that any proceeds remaining after payments related to the closing of the sale and satisfaction of liens shall be used by the chapter 13 trustee as an additional dividend to unsecured creditors. For purposes of clarity, the Court notes that the plan confirmed on January

---

[3] Nationstar represented that its claim is approximately $70,000, and the trustee confirmed that the balance shown was approximately that amount.

10, 2017 [Doc. No. 35], provides for a 100% dividend to unsecured creditors. Therefore, the dividend cannot be increased, but the proceeds may be used to accelerate the payment to the unsecured creditors. No payment shall be made to the debtor of any proceeds until the chapter 13 plan is paid in full.

Following the closing, the debtor shall file a report of sale within 14 days of the closing in compliance with E.D. Tenn. LBR 6004-1(c). Following receipt of the report of sale, the chapter 13 trustee shall make no further distributions to Nationstar on account of Claim No. 12.

The Court finds no further hearing is required at this time. Accordingly, it is further ORDERED that the hearing on this matter set for November 7, 2019 is CANCELLED.

###